JOHN MILLER *v.* JAMES GAITHER, ET AL.

**Quieting Title—Possession.**

> In order to obtain a judgment quieting title to real estate in a court of equity the plaintiff by himself or tenant must be in possession of the real estate.

**Possession.**

> The right to possession of real estate can only be determined in an action at law, and cannot be determined in a court of equity.

APPEAL FROM HARDIN CIRCUIT COURT.

December 11, 1874.

OPINION BY JUDGE PRYOR:

This is intended to be action by the appellant to quiet his title and possession to a tract of four hundred acres of land purchased by him of one Hunt, and his right to maintain it, cannot be doubted if the allegations of the petition constitute a cause of action. It is essential in a case like this, in order to obtain the aid of the chancellor, that the party seeking the relief should be in the possession of the premises by himself or tenant, else his possession cannot be said to have been disturbed, nor a possession quieted that does not exist.

The mere right to the possession will not suffice, as the remedy is ample by an action at law. In this case the appellant claims only a constructive possession, and is asking the chancellor to interfere, not to quiet an actual possession, but to enable him to perfect his title, by settling the question as to a disputed boundary and giving to him the possession. His vendors, or those under whose title he claims, had been defeated in an action of ejectment, asserting the same title upon an issue involving the identical question of boundary as presented in this case; and the appellant, who claimed a constructive possession by reason of his deed from Hunt, alleges that he attempted to take the actual possession of the disputed land by his tenant, Harris, and that this tenant was expelled from the possession

in a proceeding of forcible entry and detainer by the appellees, who claimed the land, and had, by virtue of their claim, a tenant in the actual possession.

The appellant's vendor had also instituted another action or actions for the recovery of the land, and these proceedings ended in a compromise. What that compromise was, is not alleged. The appellant, as well as his vendor, failing to have any possession, and also failing to manifest any right to the possession in their actions at law, or to maintain a possession acquired by a forcible entry, are now seeking to establish their right of entry and possession by the aid of a court of equity. If appellant has the legal title and the right to entry, he can maintain his action of ejectment, and a court of equity where he has no possession, will not assume the jurisdiction or the right to search for these lost clauses and lines for the purpose of perfecting a title or enforcing an alleged right of possession. If the appellant has the equitable title, as he maintains he has, and the right of possession, there is no obstacle in the way of recovery in the proper form.

The judgment of the court below is *affirmed,* the petition presenting no cause of action. Judge Cofer not sitting.

*W. B. Read, for appellants.*
*R. D. Murray, for appellees.*